***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | Civil Action No. 08-3385 (FLW) |
| Plaintiff, | |
| v. | |
| | **OPINION** |
| THE ESTATE OF HERBERT S. BIXON; JODIE T. BIXON F/K/A JODIE SUMMONS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HERBERT S. BIXON; DEBORAH EHRLICH A/K/A DEBORAH BIXON; ROBERT BIXON, | |
| Defendants. | |

**WOLFSON, District Judge:**

Plaintiff, The Guardian Life Insurance Company of America ("Plaintiff" or "Guardian Life"), brought this lawsuit against defendants, the Estate of Herbert S. Bixon, Jodie T. Bixon F/K/A Jodie Summons, individually and as executrix of the Estate of Herbert S. Bixon, Deborah Ehrlich A/K/A Deborah Bixon, and Robert Bixon (collectively, "Defendants"), seeking a declaratory judgment to determine the lawful and proper beneficiary of the decedent, Herbert S. Bixon's ("Decedent"), life insurance policy ("the Policy") that Plaintiff issued.  Defendant Jodie T. Bixon ("Jodie Bixon") filed an Answer, including a Cross-Claim alleging that she, as the sole named-beneficiary, is entitled to receive the death benefits of the Policy.  In accordance with the terms of the Policy between Plaintiff and Decedent, Jodie T. Bixon, files the current unopposed Motion for Summary

Judgment.[1]  Because Plaintiff claims no interest in the money and co-defendants do not oppose this motion, for the reasons discussed below, Jodie Bixon's Motion for Summary Judgment is granted.

## BACKGROUND

The facts of this case are undisputed and relatively straightforward. Plaintiff is a corporation that, on September 25, 1992, issued the Policy, bearing policy no. 3700425, which insured the life of Decedent.  Compl. ¶ 9.  The Policy contains a face amount death benefit of $125,000.00, and Decedent's written application designated "Daniel Kessler - Co-Shareholder," as the primary beneficiary eligible to receive the death benefit upon Decedent's death.  Id. ¶ 10. On May 2, 2002, Decedent executed a Notice of Change of Owner and Designated Beneficiary, pursuant to which Decedent designated "Robert Bixon," "Deborah Ehrlich," and "Jodie Simmons" as co-equal, primary beneficiaries, eligible to receive the Policy's death benefit. Id. ¶ 11.  On November 27, 2007, Decedent executed a Change of  Beneficiary form pursuant to which Decedent designated his wife, defendant Jodie T. Bixon, to be his sole beneficiary.  See Certification of Evan Flynn ("Flynn Certif."), July 30, 2008, ¶ 4.  Decedent made this change when he was constructing his estate plan with his estate planner and notary public, Evan Flynn, who found Decedent to be fully alert, aware, and competent.  See Id. ¶ 5.  On March 30, 2008, Decedent expired and Plaintiff became obligated to pay to the lawful beneficiaries the death benefit arising under and pursuant to the Policy in the amount of $255,326.80, representing the remaining benefits

---

[1]Defendant Jodie Bixon incorrectly moves for summary judgment under the New Jersey Civil Practice Rules and cites New Jersey case law, rather than moving under the Federal Rules of Civil Procedure and federal case law, the appropriate law governing this Court.

due and owing under the Policy.  See Certification of Joseph R. McCarthy ("McCarthy Certif."), July 8, 2008, ¶ 19.  Because Jodie Bixon was designated the primary beneficiary, she became eligible to receive the death benefit under the Policy as a consequence of Decedent's death.  Compl. ¶¶ 13, 14, 22.  On April 13, 2008, Jodie Bixon executed a Claimant's Statement seeking payment under the Policy.  Id. ¶ 15.

On April 14, 2008 and April 27, 2008, Plaintiff received written communications from defendant Deborah Ehrlich ("Ehrlich") advising that she and her brother, defendant Robert Bixon, (the Decedent's children), contend that the last change of beneficiary designation was the result of undue influence.  Id. ¶ 17.  Ehrlich requested Plaintiff to withhold payment under the Policy.  Id.  As a result of being placed on notice that there was a dispute as to the proper beneficiaries to whom payment should be made under the Policy, Guardian Life filed this Complaint for Interpleader and Other Relief on July 9, 2008.  Plaintiff claims no interest in the money.  As such, Plaintiff seeks the following relief: (1) a declaratory judgment to determine the lawful and proper beneficiary of the Policy; and (2) requests an order releasing and discharging it from liability, attorneys fees, and court costs. Compl. at 5, ¶ 20.  On July 10, 2008, the Court entered an Order to Show Cause why this Court should not grant certain relief.  On August 4, 2008, Jodie Bixon filed an Answer, including a Cross-Claim against defendants Ehrlich and Robert Bixon, alleging she is the sole named beneficiary of the Policy and entitled to relief; she simultaneously filed a Motion for Summary Judgment requesting the Court award her (1) the proceeds from the Policy, as the sole beneficiary, and (2) costs and legal fees.  Ehrlich's only contact with the Court was through a letter, dated July 17, 2008, acknowledging that she was served with Plaintiff's Complaint by mail, stating that she had not yet retained counsel and requesting

3

the Court to postpone the Order to Show Cause hearing. See Letter from Deborah Ehrlich ("Ehrlich Letter"), July 17, 2008. Defendant Robert Bixon states that he never communicated with Plaintiff that he objected to the disbursement of the Policy to Jodie Bixon, does "not stand in the way of disbursement," and wishes to be removed from this action. See Letter from Robert Bixon ("Bixon Letter"), Aug. 22, 2008. In addition, Boyd Harbourt, as the representative of the Estate of Herbert S. Bixon, another named defendant, takes no position with regard to the case while noting that a duly filed beneficiary form should be honored; further, he does not object to the relief requested by Plaintiff. See Letter from Boyd Harbourt ("Harbourt Letter"), Aug. 4, 2008. On August 14, 2008, almost a month after receiving Deborah Ehrlich's letter, and there being no further communication, this Court ordered that the Policy's proceeds be deposited into the Court registry.[2] Defendant Jodie Bixon's motion remains unopposed, and the Court, finding that there is no genuine issue of material fact, grants this Motion for Summary Judgment, but declines to award costs and legal fees.

**DISCUSSION**

I. Standard of Review

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

---

[2] A separate Order will be entered granting Plaintiff's Cross-Motion, filed August 20, 2008, seeking an Order Discharging and Releasing The Guardian Life Insurance Company of America from all further liability with respect to the Policy, pursuant to 28 U.S.C. § 2361.

a matter of law." Fed. R. Civ. P. (56)(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999). A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248. In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (citations omitted).

> II. Defendant Jodie Bixon is Entitled to the Policy's Death Benefits as she is the Sole Beneficiary

Jodie Bixon moves for summary judgment declaring that she is entitled to the Policy's death benefits as the sole beneficiary of the Policy. Plaintiff, Guardian Life, claims

5

no interest in this disputed money. Id. ¶ 20. Furthermore, Defendant Robert Bixon states that he never communicated with Plaintiff that he objected to the disbursement of the Policy to Jodie Bixon, does "not stand in the way of disbursement," and wishes to be removed from this action. See Bixon Letter. In addition, Boyd Harbourt, as the representative of the Estate of Herbert S. Bixon, another named defendant, while noting that a duly filed beneficiary form should be honored, takes no position with regard to the interpleader action and does not object to the relief requested by Plaintiff nor Jodie Bixon. See Harbourt Letter. Finally, Ehrlich, having been duly served with the motion and with her time to respond having lapsed, fails to oppose this motion or offer any affidavits or evidence to controvert Jodie Bixon's allegations.

If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); see also Damiano v. Sony Music Entm't, 975 F. Supp. 623, 627 (D.N.J. 1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). The motion is appropriately granted when the movant is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175. When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify

genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988)); see also Atkinson v. City of Philadelphia., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D. Pa. June 20, 2000).

The record before the Court demonstrates that Decedent purchased the Policy with Plaintiff on September 25, 1992. Decedent's death certificate shows Decedent passed away on March 30, 2008. At the time of his death, Decedent's Policy with Plaintiff named movant Jodie Bixon as the sole beneficiary. Prior to his death, Decedent last executed a Change of Beneficiary form on November 27, 2007, in the presence of his estate planner Evan Flynn. See Flynn Certif., ¶ 4. Flynn went over the beneficiary change form with Decedent, explained the form and its consequences and, at the request of Decedent, notarized the change of beneficiary form Decedent signed, designating Decedent's wife, Jodie Bixon, to be the sole beneficiary of this Policy. See Id. Flynn, who had come to know Decedent on a business and personal level, found Decedent to be fully alert, aware, and competent when he signed the form. See Id. Furthermore, Defendant Jodie Bixon states that Decedent was estranged from his adult daughter, Ehrlich, for a long time prior to his death. See Certification of Jodie T. Bixon ("Bixon Certif."), July 31, 2008, ¶ 2.

Guardian Life further supports Jodie Bixon's proposition that she is the sole beneficiary of the Policy through its receipt and then confirmation of Decedent's change of policy beneficiary designation in a letter to Decedent on December 3, 2007. See Letter from Guardian Life, Dec. 3, 2007. Plaintiff also states that upon decedent's death, Jodie Bixon was the sole named beneficiary. See Compl. ¶ 14. Moreover, despite Ehrlich's communications with Guardian Life in April 2008, her letter to this Court in July 2008,

indicating her intent to retain counsel, she has not further communicated with the Court regarding any facts to dispute Jodie Bixon's claim or to further indicate her intent to participate in this litigation. Because the Court finds on this record that there is no genuine issue of material fact, the Court grants Jodie Bixon's motion for summary judgment.[3]

## CONCLUSION

For the foregoing reasons, Defendant Jodie Bixon's Motion for Summary Judgment is granted, the Policy's proceeds shall be paid to Jodie Bixon and this case is dismissed.

Dated October 3, 2008

/s/ Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.

---

[3]Defendant Jodie Bixon also requests an award of costs and legal fees. However, she fails to cite any basis in law entitling her to this relief. Therefore, her request for costs and fees is denied.